UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER LINDSEY,

    Plaintiff,

v.                                Case No. 8:10-cv-01910-T-23AEP

EDWARD HOWELL,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This cause comes before the Court upon Defendant's **Motion to Tax Attorneys' Fees and Costs** (Dkt. No. 41), Plaintiff's Response thereto (Dkt. No. 44), Defendant's Reply to Plaintiff's Response (Dkt. No. 47), the District Judge's Order granting in part Defendant's Motion to Tax Attorneys' Fees and Costs (Dkt. No. 48), and Defendant's Notice of Filing Affidavits in Support of Fees (Dkt. No. 53). For the reasons that follow, I recommend that the request for partial attorneys' fees and costs be granted in part and denied in part as stated herein.[1]

### **I. Procedural Background**

Plaintiff brought this action alleging violations of Plaintiff's First and Fourth Amendment rights, for malicious prosecution, and for intentional infliction of emotional distress. (Dkt. No. 1.) A February 2, 2011 Order dismissed the Fourth Amendment claims and the intentional

---

[1] Although the district judge referred the notice for disposition (Dkt. No. 54), under Local Rule 6.01(c)(18), a magistrate judge cannot enter an order that would be appealable if entered by a district judge. *See also* 28 U.S.C. § 636. Accordingly, the undersigned has submitted a report and recommendation.

infliction of emotional distress claim.  (Dkt. No. 17.)  Accordingly, following the Court's February 2, 2011 Order, Plaintiff filed an Amended Complaint alleging the remaining claims–a violation of Plaintiff's First Amendment rights and a claim for malicious prosecution. (Dkt. No. 26.)  A May 16, 2011 Order dismissed the First Amendment claim and consequently declined to exercise supplemental jurisdiction over the remaining state law claim for malicious prosecution, thereby dismissing the entire action. (Dkt. No. 40.)

Thereafter, Defendant timely moved for attorneys' fees and costs.  (Dkt. No. 41.)  After also considering Plaintiff's Response and Defendant's Reply, the Court granted Defendant's Motion for Attorneys' Fees and Costs (Dkt. No. 41) as to Plaintiff's First Amendment claim but otherwise denied an award of fees and costs (Dkt. No. 48).  Once Defendant filed its affidavits in support of fees and costs (Dkt. No. 53), the Court referred the determination of the proper amount of fees to the undersigned Magistrate Judge (Dkt. No. 54).  By the notice, Defendant seeks an award of attorneys' fees and costs totaling $21,416.83.  More specifically, Defendant seeks an award of attorneys' fees in the amount of $19,952.00 for 124.7 hours of work performed by Attorney Bradley S. Bell ("Mr. Bell") and Attorney Douglas J. Collins ("Mr. Collins") at an hourly rate of $160.00, as well as an award of costs in the amount of $1,464.83.  Plaintiff never filed a response opposing the amount of attorneys' fees and costs.

## II. Standard of Review

Defendant seeks an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b) and Rule 54(d), Federal Rules of Civil Procedure.  Under Section 1988(b), the Court, in its discretion, may allow the prevailing party reasonable attorneys' fees as part of the costs.  To calculate a

reasonable award of attorneys' fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[2]  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).  This "lodestar" figure may subsequently be adjusted upward or downward based on other factors such as the results obtained.  *Hensley*, 461 U.S. at 434.

In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*, 836 F.2d at 1299; *Rowe*, 472 So. 2d at 1151 (finding that the prevailing market rate is "the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services").  In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists.  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).  The fee applicant bears the burden of establishing that the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or producing opinion evidence of reasonable rates.  *Norman*, 836 F.2d at 1299; *Rowe*, 472 So. 2d at 1151 (finding that the party seeking the fee carries the burden of establishing the prevailing market rate).  At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, satisfactory evidence must speak to rates actually billed and paid

---

[2] Florida has adopted this federal lodestar method for calculating appropriate attorneys' fees.  *See Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 829-834 (Fla. 1990); *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

3

in similar lawsuits. *See Norman*, 836 F.2d at 1299.

After determining a reasonable hourly rate, courts must then determine the amount of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. As the party seeking fees must be precise in requesting and excluding hours, parties opposing the fee petition should also be reasonably precise in their objections. *See Norman*, 836 F.2d at 1301. "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight." *Id.* Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Id.* at 1303.

When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d 1299 (noting the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson* . . . ."); *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) (stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering

the *Johnson* factors in establishing a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate").[3] Furthermore, the Court is an expert on the question of attorney's fees and may thus consider its own knowledge and experience concerning reasonable and appropriate fees and may also form an independent judgment with or without the aid of an evidentiary hearing. *Norman*, 836 F.2d at 1303. Ultimately, the computation of a fee award requires an exercise of judgment because no precise rule or formula exists for making these determinations. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (citing *Hensley*, 461 U.S. at 436).

### III. Discussion

Here, Plaintiff does not dispute Defendant's entitlement to attorneys' fees and costs as the prevailing party. Likewise, Plaintiff does not challenge the reasonableness of the hourly rates sought or the number of hours expended. As discussed below, it is recommended that the requested fee and costs award be granted in part and denied in part.

**A. Reasonable Hourly Rates**

As noted above, the fee applicant bears the burden of establishing an appropriate hourly rate. *Norman*, 836 F.2d at 1299. In meeting that burden, the fee applicant must show that the

---

[3] These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

5

requested rate comports with the prevailing market rate. *Id.* To do so, the fee applicant may present direct evidence of charges by lawyers under similar circumstances or may present opinion evidence. *Id.*

In this instance, Defendant requests an hourly rate of $160.00 for Mr. Bell and the same rate for Mr. Collins. (Dkt. No. 53.) Defendant submitted an affidavit of R. Michael Larrinaga to give an opinion as to the reasonableness of Defendant's calculated fees and costs. (Dkt. No. 53, Ex. B.) According to said affidavit, the hourly rate requested for Defendant's counsel is reasonable, presumably because the hourly rate requested comports with the prevailing market rates for attorneys of similar experience, reputation, and ability who handle these types of cases in the Middle District of Florida.[4] Thus, based on the affidavit, nature of this case, skill and experience of Defendant's attorney, and the undersigned's own expertise and judgment, I recommend that Mr. Bell and Mr. Collins be entitled a reasonable hourly rate of $160.00.

### B.     Hours Reasonably Expended

In calculating the hours reasonably expended on litigation, courts exclude excessive, unnecessary, and redundant hours and also time spent litigating discrete and unsuccessful claims. *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996). As noted previously, those opposing the fee petition should be reasonably precise in their objections, as the opponent of the fee has the burden of pointing out with specificity the hours that should be deducted. *See Norman*, 836 F.2d at 1301; *Centex-Rooney Constr. Co. Inc. v. Martin County*, 725 So. 2d 1255,

---

[4]While the Court notes that Mr. Larrinaga's affidavit is not a model of opinion evidence because it lacks a certain level of specificity, the Court is nonetheless satisfied based on the totality of the circumstances that the attorneys' hourly rate is reasonable.

6

1259 (Fla. 4th DCA 1999). "Accordingly, a fee opponent's failure to explain exactly which hours [the opponent] views as unnecessary or duplicative is generally viewed as fatal." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir.1997)).

According to Defendant, Defendant's counsel expended a total of 124.7 hours on the instant litigation. Upon review of the declaration of Mr. Bell and corresponding documentation, it appears that the itemized billing was precise and thorough. The time records do not indicate wasted time on frivolous or unnecessary matters. Further, all non-recoverable fees and costs were redacted, and entries including both recoverable and non-recoverable fees were properly prorated. Notably, Plaintiff did not challenge Defendant's claimed hours at all, much less as unnecessary or duplicative. Thus, the Court can freely accept the amount of hours worked as stated by Defendant. Accordingly, based on the foregoing, the lodestar figure is properly calculated as $19,952.00 for 124.7 hours for Mr. Bell and Mr. Collins at an hourly rate of $160.00.

### C.    Adjustments to the Lodestar

"After determining the lodestar amount as above, the Court is entitled to adjust the amount of final fees awarded in light of the results obtained through the litigation." *Duckworth*, 97 F.3d at 1399 (citing *Hensley*, 461 U.S. at 434; *Norman*, 836 F2d at 1302). For the purposes of determining whether an adjustment of the lodestar amount is necessary, the degree of success is key. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (noting that the degree of a plaintiff's overall success is "the most critical factor" in determining the reasonableness of a fee award).

Here, all of Plaintiff's claims were dismissed before Defendant even filed a responsive

7

pleading. Additionally, Plaintiff failed to proffer any arguments to adjust the lodestar amount. Therefore, the Court sees no reason to adjust the lodestar amount and it is therefore recommended that the lodestar amount remain in tact.

### D. Costs and Expenses

In addition to attorneys' fees, Defendant seeks an award of costs in the amount of $1,464.83. (Dkt. No. 53.) Rule 54 dictates that costs should be awarded to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the following may be taxed as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *See Loranger*, 10 F.3d at 784.

Although not raised as an issue by Plaintiff, the Court finds that Defendant's request to recover for mediation costs is inappropriate. Defendant's $525.00 portion of the mediation expenses is not taxable as costs and should thus be deducted from Defendant's requested costs. (*See* Dkt. No. 53, Ex. A, 32.) Indeed, mediation costs do not fit within the ambit of expenses taxable under 28 U.S.C. § 1920 and are therefore not taxable as costs. *Williams v. Consolidated City of Jacksonville*, No. 3:00-cv-469-J-32TEM, 2006 WL 4794173, at *12 (M.D. Fla. Sept. 11, 2006); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1300 (M.D. Fla. 2000) (finding the plaintiff cited no authority for taxing the defendant with the costs of mediation and therefore excluding the mediation fees from the award of costs). Accordingly, it is recommended that the $525.00 mediation fee be excluded from the award of costs.

Plaintiff does not challenge and the Court does not take issue with any other costs or expenses requested by Defendant. Given the foregoing, therefore, it is recommended that the award of costs be reduced by $525.00. Accordingly, I recommend that Defendant be awarded a total of $939.83 in costs and expenses.

### IV. Conclusion

Accordingly, and for the foregoing reasons, it is hereby **RECOMMENDED**:

(1) Defendant's Notice of Filing Affidavits in Support of Fees (Dkt. No. 53) be **GRANTED IN PART AND DENIED IN PART**, to the extent that $19,952.00 in attorneys' fees and $939.83 in costs be awarded in favor of Defendant and against Plaintiff.

**IT IS SO REPORTED** in Tampa, Florida on this 26th day of November, 2012.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Honorable Steven D. Merryday

Counsel of Record